COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ABATEMENT ORDER

Appellate case name:      In the Interest of C.M.J. aka C.W.

Appellate case number:    01-18-00885-CV

Trial court case number:  2016-03689J

Trial court:              314th District Court of Harris County

This is an accelerated appeal from a final order terminating appellant's parental rights. Attorney Kevin George was appointed on September 13, 2018 as attorney ad litem for the mother to represent her "through the appellate process." This order substituted Kevin George as attorney ad litem for the mother to replace trial counsel Sara Bloome. The final decree of termination was signed on September 25, 2018. Notice of appeal was filed on October 2, 2018.

On October 17, 2018, appointed counsel George filed an unopposed motion to abate the appeal for the trial court to determine whether good cause exists to allow him to withdraw and have new counsel appointed. In this motion, George stated that he determined from the record that previously he had acted as attorney ad litem for another child in an earlier termination proceeding against the mother, and he contends that his representation of the child in that previous case presents a conflict with respect to his representation of the mother in this appeal.

This court convened a telephone conference to discuss the motion to abate and the potential ramifications of counsel's conflict, if any, on the mother's right to counsel during a critical stage of proceedings. *See, e.g.*, *In re J.O.A.*, 283 S.W.3d 336, 341 (Tex. 2009) ("the statutory right to counsel in parental-rights termination cases embodies the right to effective counsel"). Counsel indicated that a timely motion for new trial will be filed in the trial court in connection with the relief requested by the motion to abate the appeal. *See* Tex. R. Civ. P. 329b(a).

The motion to abate is **GRANTED**. The appeal is ordered **ABATED** to permit the trial court to consider whether a conflict of interest precludes appointed counsel George's continued representation of appellant, whether new counsel should be appointed, and whether justice requires any other remedial measures. The trial court shall determine whether to appoint new counsel to represent the mother, and if no new counsel is appointed, the trial court shall make findings of fact and conclusions of law in connection with the denial of counsel's motion. In either case, the trial court's order shall be made in writing and included in a supplemental clerk's record filed in this court **no later than November 2, 2018**. The trial court shall have a court reporter record any

hearing held in connection with this order and file the reporter's record within 7 days of the hearing.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's and reporter's records are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

It is so ORDERED.


Judge's signature: /s/ Michael Massengale
                       ☑ Acting individually    ☐ Acting for the Court


Date: October 24, 2018